No. 19,037.

SUPERIOR DISTRIBUTING CORP. *v*. HADDEN THEATRE SUPPLY CO.
(356 P. [2d] 266)

Decided October 24, 1960.

Mr. THOMAS K. HUDSON, Miss ALICE LOVELAND, for plaintiff in error.

Messrs. CARBONE & WALSMITH, for defendant in error.

*In Department.*

PER CURIAM.

HADDEN THEATRE SUPPLY Co., defendant in error, as plaintiff in the trial court sued Superior Distributing Corporation to recover a deposit and freight charges in connection with the purchase of a vending machine.

The complaint alleged that plaintiff agreed to purchase from Superior Distributing Corporation certain machines with the following express understanding:

"At the end of this trial period if we decide to keep this machine, we will pay the balance of $438.88. If we decide not to keep this machine, we may return to you, freight prepaid, and you agree to refund in full our deposit of $500.00."

It further alleged that the trial period was fifteen days, and within that period plaintiff notified defendant that the property was unsatisfactory. Plaintiff was then advised by defendant to return the machine *freight collect,* and that the machine was returned freight collect with sight draft bill of lading attached for $500.00; that this was the amount of the deposit which defendant had agreed to repay plaintiff.

The complaint concludes with the allegation that defendant refused and failed to pay the freight and that plaintiff was required to spend the sum of $22.38 storage charges and $24.65 freight charges and that the defendant fails and refuses to pay plaintiff the deposit of $500.00.

The answer of defendant was a general denial but admitted refusal to pay the freight charges and to repay plaintiff the $500.00.

Trial was to the court without a jury, and at the conclusion of plaintiff's case, defendant moved to dismiss.

302

The motion was denied. Defendant elected to stand on its motion, and introduced no evidence in defense.

The court entered judgment for plaintiff for $547.03 plus interest and costs and dispensed with the necessity of filing a motion for a new trial. Error is assigned upon the refusal of the trial court to dismiss the action.

At the trial plaintiff's counsel stated to the court that he would prove the machine ordered was a popcorn machine and that the purchase order would show that it was to be accepted on a trial basis.

The only evidence before the court was that of witnesses for the plaintiff who testified that the machine was shipped on a trial basis. It was not shown what the trial period was or the conditions upon which it could be returned. The purchase order, upon which plaintiff's rights depended, was not offered in evidence.

No testimony was offered which definitely established the amount of the deposit or even that a deposit was made. The burden was on the plaintiff to establish its right to recover by a preponderance of evidence. This it failed to do. The trial court in entering judgment said: "This is probably one of the most unsatisfactory cases I have ever had the displeasure of sitting on." The motion to dismiss should have been granted.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the action.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.